IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL WILSON, AIS #230202, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:07-CV-891-WKW (WO) |
| BOB RILEY, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

On October 10, 2007, the Magistrate Judge filed a Recommendation (Doc. # 3) that the case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon initiation of the case. The Magistrate Judge determined that Joseph Michael Wilson ("Wilson"), the plaintiff, was not allowed to bring a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because Wilson had previously brought three or more actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted and because Wilson was not under imminent danger of physical injury. On October 16, 2007, Wilson filed an objection claiming that he had not had three previous actions dismissed for being frivolous, malicious, or for failure to state a claim and that he was under imminent danger of physical injury when he filed his complaint. The court finds Wilson's objection is due to be overruled.

Under 28 U.S.C. § 1915(g), the frequent filer provision, a prisoner is not allowed to bring a civil action or appeal a judgment *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

Wilson first argues that he has not had three previous civil actions dismissed as frivolous, malicious, or for failure to state a claim. The Magistrate Judge found Wilson had three actions dismissed on these grounds: (1) *Wilson v. Moore, et al.*, Civil Action No. 3:04-CV-1207-MHT (M.D. Ala. 2005); (2) *Wilson v. Pryor, et al.*, Civil Action No 2-04-CV-1052-MEF (M.D. Ala. 2004), and (3) *Wilson v. First Baptist Church of Dadeville, Alabama, et al.*, Civil Action No. 3-04-CV-1004-MHT (M.D. Ala. 2005). Wilson contends that *Wilson v. Pryor* should not count because he incorrectly filed a habeas action under section 1983. When he later filed for habeas relief, those claims were dismissed on procedural grounds. However, the court is not counting his previous habeas claims under 1915(g), and his 1983 action does count because it was dismissed for failure to state a claim. Wilson argues that the other two civil actions should not count against him. However, both those actions were dismissed as frivolous and for failure to state a claim. Therefore, they are properly counted under 1915(g). Wilson previously had three civil actions dismissed as frivolous, malicious, or for failure to state a claim.

Wilson argues that his claim should not have been dismissed because he was under imminent danger of serious physical injury. In this action, Wilson seeks to eliminate or limit smoking in prisons. He claims he was attacked on October 13, 2007, by another inmate when he attempted to open a window for relief from second hand smoke. In evaluating whether a plaintiff is under danger of serious physical condition, "the issue is whether [the complaint] as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Wilson's attack occurred after he filed his complaint and is not mentioned in his complaint. Wilson's complaint does allege that he has suffered physically because he is allergic to cigarette

smoke. In *Brown*, the plaintiff alleged an imminent, serious physical injury when the prison doctor stopped prescribing him his HIV and hepatitis medicine, which caused him to experience skin and scalp infections, severe pain in the eyes, vision problems, and fatigue, and when further denial of his medication would result in him suffering opportunistic infections. *Id.* at 1350. Here, Wilson has not shown that he faces imminent, serious physical injuries from the smoking at the prison. While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow Wilson an exception to the frequent filer provision of 28 U.S.C. 1915(g).

After an independent and de novo review of the record, it is the ORDER, JUDGMENT and DECREE of the Court that:

1. The plaintiff's objection (Doc. #6) is OVERRULED.

2. The Recommendation (Doc. # 3) of the Magistrate Judge is ADOPTED.

3. This case is DISMISSED without prejudice for failure to pay full filing fee upon initiation of this case.

An appropriate judgment will be entered.

DONE this 23rd day of October, 2007.

                                                /s/   W. Keith Watkins
                                            UNITED STATES DISTRICT JUDGE